IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MARGO STAHL**                                                                                          **PLAINTIFF**

**v.**                                                                       **CIVIL ACTION NO.   3:23-cv-339-TSL-MTP**

**FREEDOM ROADS, LLC A/K/A**
**CAMPING WORLD RV SALES, LLC**                                                                  **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Margo Stahl, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violation of her rights under Title VII of the Civil Rights Act of 1964 for race discrimination, under 42 U.S.C. § 1981 for race discrimination and for the tort of wrongful termination against Defendant Freedom Roads, LLC a/k/a Camping World RV Sales, LLC.  In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1.      Plaintiff, Margo Stahl, is a 38-year-old Caucasian female resident of Rankin County, Mississippi.

2.      Defendant, Freedom Roads, LLC a/k/a Camping World RV Sales, LLC is a Minnesota limited liability company that may be served with process through its registered agent: C T Corporation System, 645 Lakeland Drive East, Suite 101, Flowood, Mississippi 39232.

**JURISDICTION AND VENUE**

3.      This Court has federal question and civil rights jurisdiction for actions that arise under Title VII and 42 U.S.C. § 1981.

4. This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

5. Plaintiff timely filed a Charge of Discrimination with the EEOC on December 21, 2022, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on April 25, 2023, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of her Dismissals and Notice of Rights.

## STATEMENT OF FACTS

6. Plaintiff is a 38-year-old white female resident of Rankin County, Mississippi.

7. Plaintiff was hired on July 13, 2020, as a Service Business Development Specialist at Freedom Roads, LLC a/k/a Camping World RV Sales, LLC (CW).

8. On November 2, 2020, Plaintiff was transferred to the position of Business Development Representative.

9. In the months prior to September 2022, Business Development Manager Lawanda Ingram (black female) wrote up Plaintiff for various alleged infractions. Plaintiff contends that these alleged infractions were frivolous and that the write ups were motivated out of a malicious intent by Ms. Ingram to substantiate a termination of Plaintiff.

10. On September 3, 2022, Plaintiff reported to General Manager Mark Gathright (white male) that she felt Ms. Ingram was deliberately writing her (Plaintiff) up with frivolous allegations.

11. Plaintiff explained to Mr. Gathright that she (Plaintiff) had evidence (i.e., text messages and pictures of Ms. Ingram engaged in the same activities for which she had written up Plaintiff) on her cellphone which proved Ms. Ingram's malicious intent.

12. For example, Ms. Ingram wrote up Plaintiff for eating lunch at her desk on April 20, 2022.

13. In her phone, Plaintiff had a picture of Ms. Ingram eating at her desk.

14. On September 6, 2022, Ms. Ingram engaged in a conversation with Business Development Administrator Leslie Webb (black female) and instructed her to steal Plaintiff's cellphone and to delete certain text messages and pictures in her (Plaintiff's) phone, e.g., the pictures of Ms. Ingram eating lunch at her (Ms. Ingram's) desk.

15. During that same conversation, Ms. Ingram stated to Ms. Webb, "We need to stick together. They will."

16. Ms. Webb understood Ms. Ingram to be implying that "we" meant black people and "they" meant white people.

17. Later that day on September 6, 2022, Ms. Webb informed Plaintiff that Ms. Ingram had instructed her (Ms. Webb) to steal Plaintiff's phone and to delete various messages and pictures.

18. After that, on that same day (September 6, 2022), Plaintiff phoned General Sales Manager Chris Steverson and reported to him that Ms. Webb had informed her (Plaintiff) that Ms. Ingram instructed Ms. Webb to steal her (Plaintiff's) phone.

19. He responded that he would investigate it and get back to Plaintiff, but he

never did.

20. On September 15, 2022, Ms. Ingram passed over Plaintiff for a business referral.

21. On September 15, 2022, Plaintiff complained to Mr. Gathright about Ms. Ingram passing her over for business referrals.

22. On September 17, 2022, Plaintiff's cell phone was stolen.

23. Plaintiff contends that there were only two people in the room where she had left her phone: Ms. Ingram and Ms. Webb.

24. Plaintiff strongly suspects that Ms. Ingram stole her phone.

25. On September 19, 2022, Ms. Webb informed Plaintiff that Ms. Ingram had stated to her (Ms. Webb), "We need to stick together. They will.", with the implication that "we" meant black people and "they" meant white people.

26. On September 19, 2022, Plaintiff filed a police report for the theft of her phone.

27. On September 21, 2022, Ms. Ingram informed Plaintiff that she was terminated, allegedly for being late to work.

28. After she was terminated, Plaintiff learned that her position was replaced by Alicia Banks (black female).

29. On December 21, 2022, Plaintiff filed an EEOC Charge of Discrimination due to race against CW.

30. On February 27, 2023, in response to Plaintiff's Position Statement, CW submitted a Position Statement to the EEOC.

31. CW's Position Statement alleges that Alicia Banks was a former associate

who had taken an extended medical leave of absence.

32. Plaintiff concedes that this is true; however, Ms. Banks's employment had ended.

33. Plaintiff maintains that Ms. Banks was Plaintiff's replacement after she (Plaintiff) was terminated.

34. CW's Position Statement alleges that Plaintiff was written up on April 20, 2022, for time and attendance.

35. Plaintiff contends that that write-up was not the result of missed work; rather, she had accidentally failed to clock in or out, and she explained this to Ms. Ingram.

36. Plaintiff further contends she explained in detail her rebuttal to the Performance Correction Notice that was issued to her on June 1, 2022.

37. Plaintiff concedes that she did receive the notice about phone etiquette from Ms. Ingram on August 15, 2022.

38. Plaintiff adamantly disputes, however, that attendance and phone etiquette issues were the reasons she was terminated.

39. Plaintiff contends these issues were used as a pretext for terminating Plaintiff after Ms. Ingram instructed Ms. Webb to steal Plaintiff's phone and made racially discriminatory statements about Plaintiff.

40. CW's Position Statement alleges that Ms. Ingram denied that she instructed Ms. Webb to steal Plaintiff's cellphone and she also denied making the racially charged statements to Ms. Webb about "stick[ing] together".

41. Plaintiff contends that text messages from Ms. Webb to Plaintiff show that

Ms. Ingram lied.

42.    On September 16, 2022, Ms. Webb sent a text message to Human Resources Representative Christy Parks (white female).

43.    In that text message, Ms. Webb stated, "Christy I think Lawanda is framing me for Margo phone…Lawanda had asked me a few weeks ago to get Margo phone n deleted videos n text which I did not do I told Michelle when it occurred n greg I also told Margo so she could watch and protect herself…"  In response, Ms. Parks texted to Ms. Webb, "I showed this to Mark…"

44.    Plaintiff had questions about the statements that had been reported to Human Resources related to her allegations, i.e., that Ms. Webb was instructed by Ms. Ingram to steal Plaintiff's cell phone, and the racially discriminatory statements by Ms. Ingram to Ms. Webb.

45.    On October 5, 2022, Plaintiff texted Ms. Parks, stating, "When Michelle, Leslie [Webb], or Truddy wrote those statements did they just say [Ingram] was harassing me or did they put in there that "they need to stick together" because the white people will stick together and the other racist stuff?"  In response, Ms. Parks texted back, "They did…Put the other in there".

46.    On October 10, 2022, Ms. Webb texted Ms. Parks and wrote, "…in July lawanda asked me to steal Margo's phone and delete and messages lawanda and Margo Truddy and Margo and myself and Margo…"

47.    On December 14, 2022, Plaintiff texted Ms. Webb and asked, "…when did [Ingram] tell you that y'all need to stick together because we will…?"

48.    In response, Ms. Webb texted, "The day she asked me to get your phone".

49. Plaintiff then texted, "That would be 6 September Lawanda ask Leslie to steal my phone and erase text messaging.  Is that all she ask you to do? Did she just want the text messages erased?"

50. In response, Ms. Webb texted, "Yes that's was it then kept trying to persuade me you was against all us".  A little further down the text thread, Ms. Webb then texted, "Remember I told that's why she kept saying we need to stick together".

51. Plaintiff then texted, "Good people do not come in a color…"  Ms. Webb responded by clicking "!!" in affirmation of Plaintiff's text.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF TITLE VII – RACE DISCRIMINATION

52. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 51 above as if fully incorporated herein.

53. Defendant has discriminated against Plaintiff because of her race based on the facts identified above which constitutes a violation of the Title VII.

54. Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep humiliation, axiety and emotional distress.

55. The unlawful actions of Defendant complained of above were intentional malicious, and taken in reckless disregard of the statutory rights of Plaintiff, thus giving rise to both compensatory and puntive damages pursuant to Title VII.

### COUNT II: VIOLATION OF 42 U.S.C § 1981 – RACE DISCRIMINATION

56. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 55 above as if fully incorporated herein.

57. Defendant has discriminated against Plaintiff because of her race based

on the facts identified above and is a violation of 42 U.S.C. § 1981.

58. Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep humiliation, axiety and emotional distress.

59. The unlawful actions of Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff, thus giving rise to both compensatory and punitive damages pursuant to 42 U.S.C. §1981.

## COUNT III:  WRONGFUL TERMINATION

60. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 59 above as if fully incorporated herein.

61. As described in more detail above, Defendant unlawfully retaliated against Plaintiff by terminating Plaintiff's employment after she reported criminally illegal activity.

62. Plaintiff has been harmed as a result of this retaliation, and the Defendant is liable to Plaintiff for the same.

63. The acts of the Defendant constitute a willful and intentional violation of Mississippi common law which entitles Plaintiff to damages, both compensatory and punitive in nature.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages and reinstatement; or
2. Future wages in lieu of reinstatement;
3. Compensatory damages;
4. Punitive damages;
5. Attorney's fees;
6. Lost benefits;

7.  Pre-judgment and post-judgment interest;
8.  Costs and expenses; and
9.  Such further relief as is deemed just and proper.

THIS the 26th day of May 2023.

                                          Respectfully submitted,

                                          MARGO STAHL, Plaintiff

                                        By: /s/Louis H. Watson, Jr.
                                               Louis H. Watson, Jr.  (MB# 9053)
                                               Nick Norris (MB# 101574)
                                             Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web:  www.watsonnorris.com